# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

\* \* \* \* \* \* \* \*

| | |
|---|---|
| **KRZYSZTOF KOSTRZEWSKI, M.D.** <br> 9244 Wintergreen Court <br> Sylvania, Ohio 43560 <br><br> Plaintiff, <br><br> v. <br><br> **MERCY HEALTH PHYSICIANS-NORTH, LLC** <br> c/o Steven Hahn <br> 2409 Cherry Street <br> Mob 1, 4th Floor <br> Toledo, Ohio, 43608 <br><br> Defendant. | **Case No.** <br><br> **Judge** <br><br> **COMPLAINT; JURY DEMAND ENDORSED HEREON** <br><br> Francis J. Landry (0006072) <br> Katherine A. Pawlak (0086885) <br> **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP** <br> 1090 West South Boundary, Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone: (419) 243-1239 <br> Facsimile: (419) 243-2719 <br> Email: FLandry308@aol.com <br> kpawlak@wblhlaw.com <br> Attorney for Plaintiff, <br> Krzysztof Kostrzewski |

\* \* \* \* \* \* \* \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 29 USC Sections 2601 et seq., known as the Family and Medical Leave Act. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment. This Court's supplemental jurisdiction is also invoked over state law claims of breach of contract and wrongful discharge.

## PARTIES

2. Plaintiff, Krzysztof Kostrzewski M.D. ("Plaintiff"), is a resident of the City of Sylvania, County of Lucas, State of Ohio, who was employed by Defendant as a Family Physician. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act, in that the Plaintiff was employed for more than twelve months and worked more than 1,250 hours during the 12 months preceding his termination.

3. Defendant, Mercy Health Physicians-North, LLC, is a limited liability company, established under the laws of the State of Ohio, and is an employer within the meaning of the Family and Medical Leave Act in that at all times material hereto, it has employed more than fifty (50) employees.

## FACTS

4. Plaintiff was employed by Defendant as a Family Physician.

5. Plaintiff had a contract with Defendant beginning on November 16, 2018 for employment as a Physician.

6. Plaintiff performed all of his duties under the terms of the contract.

7. Despite performing his duties, Defendant terminated Plaintiff's employment contract without cause on September 9, 2020.

8. On January 6, 2020, Plaintiff informed Defendant he needed a change in his schedule to include a maximum of twenty-two patients per day due to symptoms from his heath arrhythmia.

9. After no response, two weeks later, Plaintiff called MPHN Central Scheduling regarding the same issue.

10. Thereafter, Plaintiff was assigned to an office constructed out of a closet with no heat or air conditioning (despite other rooms being available), his former office manager was terminated, and only one Medical Assistant was assigned to Plaintiff per day.

11. Other physicians were not treated in this manner. On August 10, 2020, Plaintiff underwent electrophysiology surgery Radiofrequency Cardiac Ablation for Atrial Fibrillation under general anesthesia at Ohio State University Werner Medical Center Columbus, Ohio with subsequent cardiac ICU hospitalization for 24 hours. Plaintiff returned back to work afterwards.

12. On August 20, 2020, Plaintiff informed the Administrator in person about his deteriorating health, and requested a reasonable accommodation. The Administrator commented on the specifics of Plaintiff's medical treatment, which she only could have known from accessing his medical records.

13. Plaintiff filed a complaint of a HIPAA violation with the Ohio State Medical Board. Thereafter, the Administrator accused Plaintiff of unbuckling his pants inappropriately in front of her.

14. Plaintiff vehemently denies having acted in an inappropriate manner. He slid his waistband down one inch on one side of his pants to show a small section of a bruise over the iliac area above trochanter when explaining his disability to the Administrator.

15. On September 6, 2020, Plaintiff was taken to the ER at St. Vincent due to intractable right groin and leg pain, inability to walk without assistance, and swelling of both legs.

16. On September 8, 2020, Plaintiff's physician provided a letter to Plaintiff, which he forwarded to the Administrator. The letter directly Plaintiff to be put on an immediate medical leave.

17. Plaintiff was directed to contact a different office to request FMLA leave. On September 9, 2020, Plaintiff called Defendant and asked why his FMLA leave was blocked.

18. Plaintiff was then emailed a termination notice with a back dated termination date of September 3, 2020, even though Plaintiff was seeing patients daily until September 8, 2020.

## FIRST CLAIM FOR RELIEF
### Family Medical Leave Act – 29 U.S.C. §§ 2601 et seq.

19. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eighteen (18) of this Complaint, supra, by reference in its entirety as if fully restated herein.

20. Plaintiff states at all times material hereto he was meeting or exceeding Defendant's reasonable expectations.

21. Plaintiff states that at all times material hereto Defendant employed more than fifty (50) employees and is a covered employer under the Family and Medical Leave Act.

22. Plaintiff states that he suffers from a serious health conditions, including osteoarthritis, chronic atrial fibrillation, a right femoral artery injury, neuralgia and chronic leg pain.

23. At the end of his employment, on August 20, 2020, Plaintiff informed the Administrator that he was unable to continue to work his full workload due to his health condition. Then on September 8, 2020, Plaintiff's physician put him off work on an immediate medical leave due to his medical issues.

24. On September 8, 2020, Plaintiff communicated the need for leave to the Administrator and Human Resources.

25. The next day, on September 9, 2020, Plaintiff was terminated.

26. Plaintiff was terminated allegedly due to progressive discipline and for allegedly "dropping his pants" in front of the Administrator. Said reasons are false and pretextual, as they are not based in fact, and the allegations do not rise to the level of a fire-able offense. Plaintiff vehemently denies having ever "dropped his pants" in front of any co-worker, and took no actions which would necessitate his termination.

27. Plaintiff contends that Defendant's action in terminating Plaintiff constituted interference, discrimination and retaliation against Plaintiff because of his requested use of FMLA leave.

28. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation, and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

29. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-eight (28) of this Complaint, supra, by reference in its entirety as if fully restated herein.

30. Plaintiff was well qualified for his position, and performed his job well.

31. Plaintiff was terminated.

32. Plaintiff was performing his job well, was abiding by all the expectations of him per the contract, and did not breach the contract with Defendant.

33. Defendant breached its contract with Plaintiff by terminating Plaintiff without cause.

34. This breach of contract has proximately resulted in lost future benefits to which he is entitled under the contract in an amount that is yet undetermined and costs in an amount that is yet undetermined.

**THIRD CLAIM FOR RELIEF**
**Public Policy Tort of Wrongful Discharge**

35. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-four (34) of this complaint, supra, by reference in its entirety as if fully restated herein.

36. Plaintiff states that he complained about Medicare fraud, and also complained about HIPAA violations stemming from an Administrator accessing his personal medical records without permission and for a purpose other than his medical care and treatment.

37. At all times material hereto, Plaintiff was meeting or exceeding his employer's legitimate expectations. After complaining about the Medicare fraud and HIPAA violation to the relevant state of Ohio investigatory authorities, and in retaliation for his having done so, Defendant terminated Plaintiff on September 9, 2020.

38. Plaintiff was terminated allegedly due to progressive discipline and for allegedly "dropping his pants" in front of the Administrator. Said reasons are false and pretextual, as they are not based in fact, and the allegations do not rise to the level of a fire-able offense. Plaintiff vehemently denies having ever "dropped his pants" in front of any co-worker, and took no actions which would necessitate his termination.

39. Plaintiff states that in terminating his employment, the Defendant has violated the State of Ohio public policy underlying ORC Section 2913.47, and the Health Insurance Portability and Accountability Act. See *Anders v. Specialty Chem. Resources, Inc*., 121 Ohio App.3d 348, 700 N.E.2d 39 (8th Dist. 1997) (clarity element met based on R.C. 2913.47 where employee refused to commit insurance fraud by overstating an insurance damages claim following a fire at employer's facility); and *Wallace v. Mantych Metal-Working*, 189 Ohio App.3d 25, 2010-Ohio-3765, 937 11 N.E.2d 174 (2d Dist.) (clarity element satisfied based on HIPAA's clear public policy favoring patient privacy and confidentiality of medical records).

40. Permitting an employer to dismiss an employee for reporting insurance fraud or HIPAA violations would jeopardize the Act's objectives, and give employers incentive to discharge employees for reporting said violations. Plaintiff states that the Defendant terminated his employment because he complained about Medicare Fraud and HIPAA violations. Plaintiff states that the actions undertaken were actions prohibited by said public policies, and that there was no overriding legitimate employer justification for its actions.

41. As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of his job position including back pay, future pay, and lost fringe benefits and pension benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment. Plaintiff has also been forced to incur court costs and attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff seeks an amount of liquidated damages equal to her damages and costs and attorneys fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Krzysztof Kostrzewski, M.D

### JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.

s/Francis J. Landry<br>
Francis J. Landry

8